UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LAPLANTE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 1:19-cv-947

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) Benefits. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendant filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presents two objections for this Court's review.[1] First, Plaintiff, who sought to challenge the appointment of the ALJ for the first time on appeal, argues that the Magistrate Judge

---

[1] To the extent Plaintiff attempts to present additional issues for the Court's review by "incorporat[ing] his previous briefs by reference" (ECF No. 13 at PageID.1065, 1069), these "objections" are denied. Merely incorporating prior arguments, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection

erred in determining that Plaintiff waived such challenge by failing to timely raise it (Pl. Obj., ECF No. 13 at PageID.1065-1066). In his Report and Recommendation, the Magistrate Judge pointed out that the Supreme Court had held that "'one who makes a *timely challenge* to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief" (R&R, ECF No. 12 at PageID.1053-1054, quoting *Lucia v. SEC*, 138 S.Ct. 2044, 2055 (2018) (citation omitted) (emphasis added)). The Magistrate Judge further pointed out that "[l]ower federal courts have subsequently concluded that, based on *Lucia*, a Social Security claimant must raise the ALJ appointment issue before the Social Security Administration, otherwise such is untimely and, accordingly, waived" (*id.* at PageID.1054). According to Plaintiff, the Magistrate Judge should have applied the holding in *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669 (6th Cir. 2018), and concluded that Plaintiff was entitled to a new administrative hearing because Plaintiff could not have previously raised the issue before the administrative agency where administrative agencies cannot decide constitutional questions (Pl. Obj., ECF No. 13 at PageID.1066).

Plaintiff's first objection is properly denied. Even assuming arguendo that Plaintiff's waiver argument has merit, Plaintiff wholly fails to address the additional basis the Magistrate Judge provided for rejecting Plaintiff's challenge to the ALJ's appointment, which was that the ALJ in this case "was appointed in the manner proscribed by the *Lucia* Court" (R&R, ECF No. 12 at PageID.1053).

In his second objection, Plaintiff argues that the Magistrate Judge "did not follow the apparently clear holding of *Combs* [*v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2004),] that the

---

to the Magistrate Judge's Report and Recommendation. *See* W.D. Mich. LCivR 72.3(b); *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994). Rather, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Social Security Administration cannot issue retroactive regulations" (Pl. Obj., ECF No. 13 at PageID.1066-1069). Plaintiff's argument is misplaced. The Magistrate Judge properly noted that the Sixth Circuit in *Combs* found that a regulatory change "during the pendency of a claimant's application for benefits does not violate the general presumption against retroactive legislation" (R&R, ECF No. 12 at PageID.1056, citing *Combs*, 459 F.3d at 645-49), and the Magistrate Judge therefore concluded that "the ALJ properly applied the Listings in effect as of the date of his decision" (*id.* at PageID.1058).

Plaintiff also argues that the Magistrate Judge "nowhere address[es] the case [from the Third Circuit,] which Plaintiff had attached to his brief," or a case from the Seventh Circuit that Plaintiff argues supports his position (Pl. Objs., ECF No. 13, PageID.1067). Plaintiff's argument does not reveal any error by the Magistrate Judge. A magistrate judge is not obligated to address in a report and recommendation every case that a litigant cites. Moreover, as Defendant points out, neither case Plaintiff referenced is precedent that binds courts in the Sixth Circuit (Def. Resp., ECF No. 14 at PageID.1073, citing *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 655 (6th Cir. 2009) (decisions of other circuits are considered "for their persuasive effect")).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 13) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Dated: July 15, 2020                                /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge